# CIRCUIT COURT OF WARREN COUNTY

Town of Front Royal

    v.

Cogil Corporation

January 8, 2001

Case No. (Chancery) 00-17

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on January 4, 2001, on the Town's Petition for an injunction to raze a house which it claimed was a public nuisance. Blair D. Mitchell, Esquire, appeared for the Town; and Thomas D. Logie, Esquire, appeared for the Defendant. Evidence was heard and argued.

Upon consideration whereof, the Court has decided that the abandoned, dilapidated house on the Cogil Corp. property constitutes a public nuisance, but that there are less drastic steps than the razing the house which will abate the nuisance.

## I. *Findings of Fact*

The following facts are found by the greater weight of the evidence.

Cogil Corporation owns a parcel of land comprised of about two and a half acres in the Town of Front Royal. This parcel is on Commerce Avenue, which is a major thoroughfare in the Town of Front Royal. There is a dilapidated house on the Cogil parcel. The house has not been occupied since 1990. It has no electric service, and its structure in the rear has decayed to the point of probable collapse if no remedial actions are instituted. Its windows and doors are boarded so that entry is denied to any but the persistent trespasser.

The parcel on which the house is situate is wooded, and there are cut logs in the vicinity of the house, and there is a stack of old lumber on the foundation to the former front porch.

There is no fire suppressant or fire alarm system in the house, but the nearest fire department is within a quarter mile. The land behind the Cogil parcel contains private residences. While these residences are more than 100 feet from the abandoned house, the rear of the Cogil parcel is densely wooded, and, if a fire started on the Cogil parcel and were not contained, it would pose a risk to the structures on the adjoining parcels.

The Cogil parcel is posted with "No Trespassing" signs, but it is not regularly inspected by the owner.

## II. *Conclusions of Law*

Virginia Code § 15.2-900 provides that:

[A]ny locality may maintain an action to compel a responsible party to abate, raze, or remove a public nuisance. . . .

The term nuisance includes, but is not limited to, . . . unsafe, dangerous, or unsanitary public or private buildings, walls, or structures, which constitute a menace to the health and safety of the occupants thereof or the public.

If a building constitutes a public nuisance, the town may require the demolition of the building or that the owner take remedial steps to abate the nuisance without compensation to the owner. McQuillen, *Municipal Corporations*, § 24.561; *Stickley v. Givens*, 176 Va. 548, 11 S.E.2d 631 (1940).

The vacant, dilapidated house on the Cogil parcel constitutes a public nuisance because, if a fire started on the property, that fire, if not contained, would pose an eminent risk to the residential properties to the rear of the Cogil Corp. parcel.

There are less drastic alternatives to the razing of the property, which will abate the danger of a fire spreading to adjacent properties.

## III. *Decision*

For the foregoing reasons, it is adjudged and ordered that:

1. The abandoned house on the Cogil Corp. parcel on Commerce Avenue in the Town of Front Royal constitutes a public nuisance.

2. Cogil Corp. must abate the nuisance: it must continue to post the property against trespassing; keep the property boarded up to deny entry to trespassers; and inspect the property once a week to ensure that the property continues to be boarded up and that the property has not been entered.

3. On or before April 1, 2001, Cogil Corp. shall remove the old lumber from the front porch slab and remove all fallen timber and other debris which is within 100 feet of the house. All cut logs and fallen trees which are now on the property shall be removed from the property. All brush and vegetation within 75 feet of the house, excluding living trees more than six inches in diameter, shall be removed from the property, and this 75 foot perimeter around the house shall be thereafter be kept mowed and free of brush, debris, and overgrown vegetation.

4. If a fire were to start in the house, the fire department shall enter the house only to protect persons, but the fire shall be fought from the exterior of the house because if the house were burning, entry into the residence in its present condition poses an eminent risk that all or parts of the structure would collapse.

5. This case is continued to April 16, 2001, at 2:00 p.m. to ensure that Cogil Corp. has taken the steps ordered to abate the nuisance.